IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| MORGAN JEROME BURTON, JR., #185425, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO. 3:24-CV-714-WKW [WO] |
| JACOB WALKER, III, *et al.*, | ) ) | |
| Defendants. | ) | |

## **ORDER**

Plaintiff Morgan Jerome Burton, Jr., an inmate proceeding *pro se*, filed this 42 U.S.C. § 1983 action alleging numerous civil rights violations based on events that occurred in 2012 and 2020.[1] (Doc. # 1.) Plaintiff also filed a motion for leave to proceed *in forma pauperis*. (Doc. # 2.) Based upon the court's consideration of the record, Plaintiff's motion will be denied, and this action will be dismissed without prejudice under 28 U.S.C. § 1915(g).

---

[1] On November 12, 2024, the Magistrate Judge issued an Order noting that Plaintiff appears to challenge the legality or validity of his state sentence and that the appropriate vehicle for the relief he seeks is a petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. # 3.) Accordingly, the Magistrate Judge directed Plaintiff to inform the court whether he wishes to (1) proceed on the instant § 1983 complaint or (2) withdraw it and instead file "a **separate** 28 U.S.C. § 2254 habeas corpus petition in a separate case." (*Id.* at 2 (emphasis in original).) Plaintiff later informed the court that he wishes "to proceed with [the] 1983 complaint," as well as file a § 2254 petition. (Doc. # 4 at 1.)

> 28 U.S.C. § 1915(g) provides:
>
> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

When a prisoner has three or more "strikes" under this rule and fails to pay the requisite filing fee at the time he files his complaint, the proper procedure is for the court to dismiss the complaint without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (per curiam). The three-striker cannot cure such failure by paying the filing fee after the complaint has been filed. *Id.*

Plaintiff has accumulated at least three strikes under § 1915(g). *See, e.g., Burton v. President Pro Tempore Senators*, Case No. 2:13-cv-680 (M.D. Ala. 2013) (dismissed as frivolous or malicious and for failure to state a claim upon which relief may be granted); *Burton v. Crow*, Case No. 3:18-cv-93 (M.D. Ala. 2018) (same); and *Burton v. Walker*, 3:23-cv-499 (M.D. Ala. 2023) (dismissed as frivolous).[2] Thus, Plaintiff may not proceed *in forma pauperis* in this case unless his Complaint as a whole alleges "imminent danger of serious physical injury" at the time the

---

[2] Judicial notice may be taken of the court's own records and the records of other federal courts. *See Nguyen v. United States*, 556 F.3d 1244, 1259 n.7 (11th Cir. 2009); *United States v. Glover*, 179 F.3d 1300, 1302 n.5 (11th Cir. 1999). The provided list of "strikes" may not be exhaustive.

Complaint was filed. *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004); *see also* § 1915(g).

In his Complaint, Plaintiff vaguely alleges that he was unlawfully sentenced under the Habitual Offender Act in December 2012 and that he suffered an injury at Staton Correctional Facility in May 2020.[3] (Doc. # 1 at 2, 3.) These allegations as a whole fail to demonstrate that Plaintiff faced imminent danger of serious physical injury at the time the Complaint was filed in October 2024.

Accordingly, it is ORDERED that:

1. Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. # 2) is DENIED; and

2. This action is DISMISSED without prejudice under 28 U.S.C. § 1915(g).

Final judgment will be entered separately.

DONE this 17th day of January, 2025.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE

---

[3] The court repeatedly has explained to Plaintiff that such claims are time-barred under the applicable statute of limitations. *See Burton v. Crow*, Case No. 3:18-cv-93 (M.D. Ala. 2018); *Burton v. Walker et al.*, 3:23-cv-499 (M.D. Ala. 2023).